IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| STEVEN M. ROE,<br><br>      Plaintiff,<br><br>v.<br><br>OVERSTOCK.COM INC., et al.,<br><br>      Defendants. | **REPORT AND RECOMMENDATION**<br><br><br>Civil No. 2:09 cv 007 TC<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

      Plaintiff Steven Roe filed a *pro* se complaint[1] alleging discrimination.  Previously, the Court granted Plaintiff's application to proceed *in forma paurperis*.[2]  Plaintiff now seeks official service of process.[3]  Having reviewed Plaintiff's complaint and the record in this case,[4] the court recommends that Plaintiff's case be dismissed pursuant to 28 U.S.C. § 1915.

      Plaintiff alleges he was discriminated against and raises the following "counts:" (1) Age – "The present employee with a similar conviction record was and is younger than myself."[5]  (2) Disability – Plaintiff avers that Defendants "failed to take into account the possibility of the plaintiff having a disability which may have been the cause of the plaintiff's former conviction record."[6]  (3) Equal Protection – Plaintiff alleges Defendants acted improperly in pulling his background and that there are other employees with similar backgrounds that Defendants treated

---

[1] Docket no. 3.
[2] Docket no. 2.
[3] Docket nos. 4 and 7.
[4] The Court construes Mr. Roe's pleadings liberally.  *See* Haines v. Kerner, 404 U.S. 519, 520-21 (1972).
[5] Complaint p. 3.
[6] *Id.*

differently.[7]  (4) Possible conspiracy – Defendants allegedly conspired based upon their "unique relationship" to help another employee keep his position "without regard to his criminal convictions" by concealing his criminal record.[8]

Because Mr. Fatani was granted permission to proceed *in forum pauperis*, the provisions of the *in forma pauperis* statute, 28 U.S.C. § 1915, apply.  Under § 1915 the court shall, at any time, *sua sponte* dismiss the case if the court determines that the Complaint is frivolous or fails to state a claim upon which relief may be granted.[9]  "'Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'"[10]  The court applies the same standard for dismissals under § 1915(e)(2)(B)(ii) that it does for dismissals under Rule 12(b)(6).[11]  In essence, the court looks for plausibility in the complaint considering "the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."[12]  The "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level."[13]

The Tenth Circuit uses the three-stage analysis outlined in *McDonnell Douglas Corp. v. Green*,[14] when no direct evidence of age discrimination exits.[15]  Under this analysis Plaintiff must show "'(1) [he] was within the protected age group; (2) [he] was doing satisfactory work; (3) [he] was discharged despite the adequacy of this work; and (4) a younger person replaced

---

[7] *See id.* at 3-4.
[8] *See id.* at 4.
[9] *See* 28 U.S.C. § 1915(e)(2).
[10] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).
[11] *See id.* at 1218.
[12] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n. 2 (10th Cir. 2007).
[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).
[14] 411 U.S. 792, 802-02, 93 S.Ct. 1817, 1824-1825 (1973).

[him].'"[16] The court finds Plaintiff's Complaint fails to establish a prima facie case of age discrimination. In essence, the allegations in the Complaint do not "plausibly support a legal claim"[17] for discrimination.

In similar fashion, the court finds the remaining "counts" in Plaintiff's complaint are not enough "to raise a right to relief above the speculative level."[18]

Accordingly the court recommends that Plaintiff's Complaint be dismissed.

## RECOMMENDATION

Based on the foregoing, it is recommended that this case be DISMISSED and that Plaintiff's Motions for Service of Process be DENIED. Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within ten days after receiving this Report and Recommendation. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 25th day of February, 2009.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[15] *See* Cone v. Longmount United Hosp. Ass'n, 14 F.3d 526, 529 (10th Cir. 1994).
[16] Denison v. Swaco Geolograph Co., 941 F.2d 1416, 1420 (10th Cir. 1991) (quoting Lucas v. Dover Corp. 857 F.2d 1397, 1400 (10th Cir. 1988)).
[17] Alvarado, 493 F.3d at 1215 n. 2.
[18] Bell Atl. Corp., 127 S.Ct. at 1965.